UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LEROY DORSEY,

                              Plaintiff,

                                                        9:09-CV-1011
            v.                                          (GLS)(DEP)

BRIAN FISHER, Commissioner; DALE ARTUS,
Superintendent; RACETTE, Dep. Supt. Security;
and T. LaVALLEY, First Dep. Supt.,

                              Defendants.

APPEARANCES:

LEROY DORSEY
97-A-3442
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

### DECISION and ORDER

I.    **Background**

       Plaintiff Leroy Dorsey, who is currently incarcerated at Clinton Correctional

Facility, commenced this action by filing a civil rights Complaint, together with an

application to proceed *in forma pauperis.*  Dkt. Nos. 1, 2.  Dorsey has also filed

(1) two motions seeking injunctive relief (Dkt. Nos. 5, 10); (2) a motion asking

the Court to serve papers upon the Attorney General and to investigate his

claims (Dkt. No. 6); and (3) a motion to subpoena parties (Dkt. No. 7). In his

Complaint, Dorsey alleges that the defendants planned an "assault hit" on him,

stole his mail and property, and put "infected D.N.A." in his food.  Dkt. No. 1 at 4-5.  Dorsey alleges that he was being "harassed" at his previous correctional facility for filing a prior civil action.  *Id*. at 5.  When he arrived at Clinton on November 20, 2008, defendant LaValley told Dorsey that he could have a "fresh start" in Clinton but "came back later changed."  *Id*.  On December 20, 2008, Dorsey noticed that his property had been "robbed" at Clinton as well as at his previous facility "when he started to petition."  *Id*. Dorsey claims that officers planned to have other inmates assault him and that "1st Dep. Supt. [LaValley] toured made comments, and it all began."  *Id*.  Dorsey claims that his mail was stolen and "inmates came after [him]."  *Id.*  Dorsey seeks monetary and injunctive relief. Construing Dorsey's Complaint liberally, he alleges that defendants conspired and retaliated against him, interfered with his mail, stole his personal property, and attempted to poison him in violation of his constitutional rights.  For a more complete statement of Dorsey's claims, refer to the Complaint.

## II.    Initial screening

Because Dorsey sets forth sufficient economic need, the Court finds that Dorsey may properly commence this action *in forma pauperis*.  Dkt. No. 2.

Having found that Dorsey meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the

allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2).  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*.  *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee);

3

*Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (*quoting Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly v. Bell Atlantic Corp.*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the

tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions."  *Ashcroft*, 129 S.Ct. at 1949.

"Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft*, 129 S.Ct. at 1949 (citing

*Twombly*, 127 S.Ct. 1955). "[W]here the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has

alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft*,

129 S.Ct. at 1949 (citing Fed. R. Civ. P. 8(a)(2)). Rule 8 "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129

S.Ct. at 1949. Thus, a pleading that only "tenders naked assertions devoid of

further factual enhancement" will not suffice. *Id.* (internal citations and

alterations omitted). Allegations which "are so vague as to fail to give the

defendants adequate notice of the claims against them" are subject to dismissal.

*Sheehy v. Brown*, No. 08-0102-cv, 2009 WL 1762856, at *1 (2d Cir. Jun. 23,

2009).


   A.   **Conspiracy**

   A conspiracy claim under § 42 U.S.C. 1983 must allege that: (1) an

agreement existed between two or more state actors to act in concert to inflict

an unconstitutional injury on plaintiff and (2) an overt act was committed in

furtherance of that goal. *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002); *see also Concepcion v. City of New York*, No. 05 Civ. 8501, 2008 WL 2020363, at *5 (S.D.N.Y. May 7, 2008) (affirming the continued viability of the *Ciambriello* standards when analyzing a conspiracy claim *vis a vis* a motion to dismiss).[1]  Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed. *Ciambriello*, 292 F.3d at 325; *see also Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir.1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."). Moreover, a Section 1983 conspiracy claim must not only allege a conspiracy, but also the "actual deprivation of constitutional rights."  *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363-64 (S.D.N.Y. 2000) (citing *Malsh v. Austin,* 901 F. Supp. 757, 765 (S.D.N.Y. 1995).  "Thus, if a plaintiff cannot sufficiently allege a violation of his rights, it follows that he cannot sustain a claim of conspiracy to violate those rights."  *See id.*

---

[1] The *Concepcion* Court stated that "in accord with Supreme Court precedent as well as the overwhelming weight of authority in this Circuit, this Court applies the *Ciambrello* standard in evaluating the sufficiency of the conspiracy claim ... under the Rule 12(b)(6) standard. In this regard ... the Court notes that it does not construe the decision in *Ciambrello* as imposing a 'heightened pleading requirement[ ]' for civil rights conspiracy claims ... nor a requirement that plaintiff must plead 'specific facts' to support his claim....  Rather, it reads *Ciambrello* as informing this Court's understanding of the type of factual allegations that are minimally sufficient to state a 'plausible' conspiracy claim under § 1983."  *Concepcion*, 2008 WL 2020363, at * 5.

Dorsey alleges that defendants "put a[n] "Assault Hit' on [him]."  Dkt. No. 1 at 4. Dorsey has not alleged, except in conclusory fashion, that any meeting of the minds occurred between **any of the defendants** to violate his rights.  In fact, the Complaint does not contain any allegations that would support a "plausible" conspiracy claim involving any of the defendants.  "[A]lthough a plaintiff does not need to provide detailed factual allegations, the allegations in the complaint must be 'enough to raise a right to relief above the speculative level.'" *Flores v. Levy*, No. 07-CV-3753, 2008 WL 4394681, at *9 (E.D.N.Y. Sep. 23, 2008) (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

## B.    Retaliation

To state a claim for retaliation, an inmate must demonstrate (1) he or she was engaged in constitutionally protected activity, (2) the defendant took adverse action against the plaintiff, and (3) there was a causal connection between the protected speech and the adverse action in that the alleged conduct was substantially motivated by the protected activity. *Morales v. Mackalm,* 278 F.3d 126, 131 (2d Cir. 2002) (citing *Dawes v. Walker,* 239 F.3d 489, 492 (2d Cir. 2001); *see also Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir. 1983) ("a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone").  Dorsey has failed to allege facts demonstrating that a specific defendant took adverse action against him

7

because of protected speech or conduct, or that there was a causal connection between any protected speech or conduct and the adverse action. Dorsey's allegations that "when he stated to Petition, that where more trouble came" and that he "filed a claim & Officers, Sgt., & Head Officials, plus inmates came after [him]" are wholly conclusory and fail to state a claim for retaliation, especially because Dorsey does not indicate how any of the defendants were personally involved in the alleged retaliation. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)) (other citations omitted). With respect to a supervisory defendant, a plaintiff may demonstrate that a supervisory official was personally involved in the alleged violation of his constitutional rights in several ways: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violations through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information

8

indicating that unconstitutional acts were occurring.  *Wright*, 21 F.3d at 501

(citing *William v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).  Plaintiff has

alleged no facts which would plausibly suggest that any of the defendants,

supervisory or otherwise, were personally involved in any retaliation against

Dorsey because he filed complaints or petitions.

### C.    Remaining allegations

Dorsey alleges that his mail and personal property were stolen and that

his food was poisoned with "infected D.N.A."  Plaintiff has not set forth sufficient

facts to plausibly suggest that any of the defendants were personally involved in

the alleged theft of Dorsey's mail or property, or his alleged poisoning. *See*

*Wright*, 21 F.3d at 501; *see also* Section II.B., *supra*.

Moreover, Rule 8 "demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Ashcroft*, 129 S.Ct. at 1949.  While Dorsey

appears to claim that his constitutional rights were violated, the circumstances

and perpetrators of those violations are not apparent. "[A] pleading that only

'tenders naked assertions devoid of further factual enhancement' will not

suffice." *Sheehy*, 2009 WL 1762856, at *1 (quoting *Ashcroft*, 129 S.Ct. at 1949

(internal citations and alterations omitted)). Allegations  which "are so vague as

to fail to give the defendants adequate notice of the claims against them" are

subject to dismissal.  *Sheehy*, 2009 WL 1762856, at *1.

With respect to Dorsey's claims that his food was poisoned with infected DNA, a court may dismiss an *in forma pauperis* complaint if it determines that the complaint is frivolous. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1833 (1989). A complaint is factually frivolous if the facts alleged are clearly baseless, a category that includes allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733 (1992) (citing *Neitzke*, 490 U.S. at 325-28, 109 S.Ct. at 1833). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33, 112 S.Ct. at 1733. Although the Court must accept the truth of the allegations set forth in a *pro se* complaint, the federal *in forma pauperis* statute grants the Court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual allegations are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833. Additionally, the law in this Circuit clearly provides that "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (other citations

omitted)); *Pourzandvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.) (citation omitted).  Plaintiff's allegations that his food was poisoned with infected D.N.A. are wholly conclusory, and although shocking, are not plausible, and border on incredible.

### D.    Conclusion

Dorsey's Complaint is deficient because he has not set forth facts plausibly suggesting that any of the defendants were personally involved in the alleged violation of Dorsey's constitutional rights or that any of his constitutional rights were violated.  For all of the foregoing reasons, the Court finds that Dorsey's Complaint fails to state a claim upon which relief may be granted.  In light of Dorsey's *pro se* status, the Court will permit Dorsey an opportunity to submit an amended complaint **within thirty (30) days** from the date of the filing of this Decision and Order.  If Dorsey submits an amended complaint, Dorsey is strongly encouraged (but not required) to the greatest extent possible to include in his amended complaint the alleged acts of misconduct and the name of each individual who participated in the misconduct as well as facts which would establish how each of the named defendants were personally involved in the alleged constitutional or statutory violations. Dorsey is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference.  **Dorsey's failure to file an amended complaint will result in**

**dismissal of this action <u>without prejudice without further Order of the</u>**

**<u>Court</u>**.

## III.   Motions for injunctive relief

Dorsey has submitted two motions seeking injunctive relief.  Dkt. Nos. 5,

10.  In his first motion, Dorsey alleges that he is in danger at Clinton

Correctional Facility because he has filed complaints.  Dkt. No. 5 at 3-4.  Plaintiff

asks the Court to (1) "Fax or call" Governor David Patterson to ask the Governor

to transfer Dorsey out of Clinton and (2) order that several employees and

inmate porters be required to submit to a "D.N.A. Test" to confirm Dorsey's

allegations that his food was poisoned with "Infected D.N.A. Body Fluids."  *Id.* at

8.  The second motion, although not entirely clear, seems to seek Dorsey's

release from the "Non-Protected-Custody-Housing-Unit" because it is "Very

Dangerous" because of retaliation, theft of property, and assaults.  Dkt. No. 10

at 1.

As the Second Circuit noted in *Covino v. Patrissi*, 967 F.2d 73 (2d Cir.

1992), in order to be granted a preliminary injunction, the movant must show: (a)

irreparable harm and (b) either (1) a likelihood of success on the merits of the

claim or (2) sufficiently serious questions going to the merits and a balance of

hardships tipping decidedly toward the party seeking injunctive relief.  *Id.* at 77

(affirming district Court's denial of inmate's request for preliminary injunction);

*see also Roucchio v. LeFevre*, 850 F.Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

The Court has found that the Complaint filed by Dorsey is insufficient and that an amended complaint must be filed for this action to proceed.  Without a valid complaint, Dorsey can not possibly establish that his claim has a likelihood of success on the merits of the claim or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.  Therefore, the Court denies Dorsey's motions for injunctive relief (Dkt. Nos. 5, 10) without prejudice to file a new motion after Dorsey has submitted an amended complaint and it has been accepted for filing by Order of this Court.

## IV.    Motion for miscellaneous relief

Construed liberally, Dorsey has submitted a motion seeking the following relief: (1) that everyone named in his Complaint be put on the witness stand under oath; (2) that he and other prisoners working against corruption at Clinton Correctional Facility be moved to a Federal prison for their safety pending this action; (3) that the Court "furnish any documents to the Attorney General [that they] claim[ ] 'not' to have;" and (4) that Dorsey's claims of and "Enterprise Corruption" be investigated and prosecuted.  Dkt. No. 6-17 at 4-5.

13

Dorsey's requests (Dkt. No. 6) are denied in their entirety.  His request to have the defendants take the witness stand under oath is premature, as this action is not scheduled for trial at this time.  Dorsey is not entitled to be transferred to a Federal prison, *see Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (the law is clear that an inmate does not have a right to be confined to the prison of his own choosing); or to have the Court provide defense counsel with copies of documents that Dorsey files with the Court, *see* Local Rule 5.1 (discussing duty of each litigant to provide opposing party with a copy of all papers filed with the Court).[2]  Finally, to the extent that Dorsey wants to institute a criminal investigation or criminal charges, he may not do so.  It is well settled that a "private citizen does not have a constitutional right to bring a criminal complaint against another individual." *Nolley v. County of Erie*, No. 07-CV-0488, 2008 WL 859165, at *5 (W.D.N.Y. 2008); *see also McCray v. County of Nassau*, 493 F. Supp. 2d 581, 591 (E.D.N.Y. 2007) (a private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings against another individual).

## V.    Motion for subpoenas

Dorsey asks the Court to subpoena two Department of Correctional

---

[2] *See* also Local Rule 5.4 (a) ("The granting of an in forma pauperis application shall in no way relieve the party of the obligation to pay all other fees for which such party is responsible regarding such action, including, but not limited to, copying and/or witness fees.").

Facility officers so that they can answer under oath "'Where' are 'Petitioners' - '3 three Big Legal Envelopes', and 'Why' was 'Petitioner', 'Not', 'Put' on the 'Notary-List'" on October 13, 2009.  Dkt. No. 7.  Dorsey's motion is **denied**.

WHEREFORE, it is hereby

ORDERED that Dorsey's *In Forma Pauperis* Application (Dkt. No. 2) is **GRANTED**, and it is further

ORDERED that the Clerk provide the Superintendent of the facility designated by Dorsey as his current location with a copy of Dorsey's authorization form, and notify the official that this action has been filed and that Dorsey is required to pay to the Northern District of New York the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915, and it is further

ORDERED that the Clerk of the Court shall provide a copy of Dorsey's authorization form to the Financial Deputy of the Clerk's Office; and it is further

ORDERED that, if Dorsey wishes to proceed with this action, he must file an amended complaint, which complies the terms of this Decision and Order, **within thirty (30) days** from the filing date of this Order; and it is further

ORDERED that, upon the filing of an amended complaint, the Clerk of the Court shall return the file to this Court for review; and it is further

ORDERED that should Dorsey fail to comply with the terms of this Decision and Order, within the time period specified above, the Clerk shall enter

judgment dismissing this action **without prejudice** without further Order of this Court; and it is further

ORDERED that Dorsey's motions for injunctive relief (Dkt. Nos. 5, 10) are **DENIED**; and it is further

ORDERED that Dorsey's motion for witnesses, transfer, copies, and a criminal investigation (Dkt. No. 6) is **DENIED**; and it is further

ORDERED that Dorsey's motion to subpoena parties for testimony under oath (Dkt. No. 7) is **DENIED**; and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on Dorsey.

Dated: December 15, 2009

United States District Court Judge